IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BARBARA ANN HUNT SLAY, individually and as Personal Representative for the Estate of WILLIAM THOMAS HUNT, deceased, and on behalf of the wrongful death beneficiaries of WILLIAM THOMNAS HUNT, | ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiff, | ) ) | No. 2:18-cv-02728 |
| v. | ) ) |  |
| IB TRAVELIN, INC., formerly doing business as IBEROAMERICANA TRAVEL SYSTEM, INC., and DOMIRUTH TRAVEL SERVICES, SAC, | ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is Plaintiff Barbara Ann Hunt Slay's November 11, 2018 *Ex Parte* Motion to Authorize Alternative Service of Process on Defendant Domiruth Travel Services, SAC ("Domiruth") Pursuant to Federal Rule of Civil Procedure 4(f)(3). (ECF No. 13.) For the following reasons, Slay's Motion is DENIED.

**I.   Background**

Former Shelby County, Tennessee resident William Thomas Hunt died while vacationing in Peru in 2013. (ECF No. 13-1 at 37.)[1] This tragedy has led to two cases before the Court.

The first case was filed in 2015. (Id.) Slay, Hunt's sister, sued five companies associated with Hunt's vacation. (Case No. 2:15-cv-02003, ECF No. 1-1 at 7.) One was Domiruth, a foreign company with its principal place of business in Peru. (Id.) Bringing Domiruth before the Court during the first case proved difficult.

The Clerk of Court issued a summons to Domiruth on March 20, 2015. (Case No. 2:15-cv-02003, ECF No. 30.) On April 22, 2015, a specialist in the service of civil process in foreign countries sent the summons, complaint, and first amended complaint to Domiruth in accordance with the Inter-American Convention on Letters Rogatory and the Additional Protocol to the Inter-American Convention on Letters Rogatory (collectively the "IACAP"), to both of which the United States and Peru are signatories. (Id., ECF No 46.) Peruvian lawyers representing Domiruth sent a submission to the Court in September 2015 that was not in the proper form of an answer or response to Slay's amended complaint. (Id., ECF No. 58.) On November 30, 2015, the Court held a status conference at which Slay's attorney

---
[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2

represented that he had made numerous unsuccessful attempts to contact Domiruth's Peruvian counsel. (Id., ECF No. 64.) About a year later, Slay requested entry of default. (Id., ECF No. 78.) The Clerk of Court entered default against Domiruth on November 9, 2016. (Id., ECF No. 80.)

About seven months after entry of default, Domiruth filed a motion to set aside default through Memphis-based attorney James Bennett Fox, Jr. (Id., ECF No. 91.) That motion was accompanied by a declaration signed by Domiruth's chief financial officer. (Id., ECF No. 91-2.) Fox made three filings on behalf of Domiruth over a twenty-day period in June 2017: the motion to set aside default; a motion for leave to file a reply to Slay's response to Domiruth's motion to set aside default; and a reply to Slay's response to Domiruth's motion to set aside default. (Id., ECF Nos. 91, 93, 95.)

Domiruth's motion was never resolved. On October 31, 2017, Slay voluntarily dismissed the case against all defendants. (Id., ECF No. 101.) The Court ordered dismissal without prejudice and entered judgment the same day. (Id., ECF Nos. 102, 103.)

A second case is now before the Court. On October 19, 2018, Slay filed a new Complaint against two of the defendants in the first case, one of which is Domiruth. (ECF No. 1.) In the instant Motion, Slay seeks authorization to serve Domiruth

by alternative process pursuant to Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3). (ECF No. 13-1 at 39.) In particular, Slay asks for authorization to serve Domiruth by any or all of the following means: (1) first class mail and email to James Bennett Fox, Jr.; (2) Federal Express on Domiruth's chief financial officer at Domiruth's last known corporate address; and (3) personal delivery and Federal Express sent to Domiruth's official office address as listed in the Register of Legal Entities of the Registry of Lima ("SUNARP") and in the National Superintendence of Tax Administration ("SUNAT"). (Id. at 41.)

## II. Standard of Review

Under Rule 4(h), "[u]nless federal law provides otherwise or the defendant's waiver [of service] has been filed," service abroad on a foreign company must be effected "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Because Domiruth has not filed a waiver of service, and because federal law does not "provide [] otherwise," Rule 4(f) controls.

Rule 4(f) addresses service of individuals "not within any judicial district of the United States." It contains three subparts. Rule 4(f)(1) provides for service of process "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

4

Documents." Rule 4(f)(2) provides that, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," process may be served "by a method that is reasonably calculated to give notice":

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> . . .
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt . . . .

Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders."

The Sixth Circuit has not addressed whether there is a hierarchy or preference among Rule 4(f)'s methods of service. See Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp., 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017). The Federal and Ninth Circuits have concluded that there is no such hierarchy or preference. See Nuance Comms., Inc. v. Abbyy Software House, 626 F.3d 1222, 1239 (Fed. Cir. 2010); Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014-15 (9th Cir. 2002). Some district courts in the Sixth Circuit share this view. See Phoenix Process Equip. Co., 250 F. Supp.

3d at 306 ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." (quoting Rio, 284 F.3d at 1015)); Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC, 295 F.R.D. 259, 260 (S.D. Ohio 2013) (finding that plaintiff was not required to first exhaust Rule 4(f)(1) and 4(f)(2) methods because Rule 4(f)(3) is "neither a last resort nor extraordinary relief [but rather] merely one means among several" (quoting Rio, 284 F.3d at 1015) (internal quotation marks omitted)).

At least one district court in the Sixth Circuit disagrees. See C & F Sys., LLC v. Limpimax, S.A., No. 1:09-cv-858, 2010 WL 65200, at *2 (W.D. Mich. Jan. 6, 2010) (requiring plaintiff, in light of principles of comity, to proceed first under 4(f)(1) or 4(f)(2)); see also Marcantonio v. Primorsk Shipping Corp., 206 F. Supp. 2d 54, 58 (D. Mass. 2002) (finding that Rule 4(f)(3) "should be seen as a final effort to make service when other means have failed").

Absent guidance from the Sixth Circuit, Nuance and Rio are persuasive. Rule 4(f) does not establish a preference for any method of service. However, although there may be no hierarchy within Rule 4(f), congressional intent and judicial practice suggest that there are some constraints on Rule 4(f)(3). Because the breadth of Rule 4(f)(3) could allow litigants to bypass 4(f)(1) and 4(f)(2) routinely, Congress trusted courts

6

not to authorize alternative service of process under 4(f)(3) so regularly that regard for international comity would become a nullity.

The advisory committee notes to Rule 4 emphasize that alternative service under 4(f)(3) is justified only when there is a good reason for deviating from the usual methods of international service of process, such as cases of urgency or when following internationally prescribed methods of service would be futile. See Fed. R. Civ. P. 4 advisory committee's 1993 note ("[C]ircumstances that might justify the use of additional methods [of service under Rule 4(f)(3)] include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint . . . .").

Many courts follow the spirit of the advisory committee's admonishment by requiring the party seeking 4(f)(3) authorization to show "that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service." United States v. Alphatec Spine, Inc., No. 1:13-cv-586, 2016 WL 1182260, at *2 (S.D. Ohio Mar. 28, 2016); see also Rio, 284 F.3d at 1016; FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005).

7

A final limit on Rule 4(f)(3) is the Due Process Clause of the Fifth Amendment. Any authorized alternative service of process must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Ming Kuo Yang v. City of Wyoming, Mich., 793 F.3d 599, 602 (6th Cir. 2015) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

**III. Analysis**

None of the alternative methods of process Slay requests is prohibited by an international agreement with Peru. The United States and Peru are signatories to the IACAP. SA Luxury Expeditions, LLC v. Latin Am. for Less, LLC, No. C 14-04085 WHA, 2015 WL 4941792 at *1 (N.D. Cal. Aug. 19, 2015). "No other international agreement governs the service of process for litigation in the United States on parties located in Peru." Id. The IACAP does not preclude service of process by other means. See id.; Pizzabiocche v. Vinelli, 772 F. Supp. 1245, 1249 (M.D. Fla. 1991); see also Kreimerman v. Cada Veerkamp, S.A. de C.V., 22 F.3d 634, 644 (5th Cir. 1994). Rule 4(f)(3) permits Slay's requested alternative methods of process.

Slay has not shown, however, "that reasonable efforts to serve [Domiruth] have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at

8

service." Alphatec, 2016 WL 1182260, at *2. Slay seeks authorization under 4(f)(3) to serve Domiruth by alternative means "because of the cost and extensive amount of time necessary to serve process pursuant to the [IACAP] procedure." (ECF No. 13-1 at 41.) Slay makes no representation that she has attempted to seek a waiver of service from Domiruth or that she has asked J. Bennet Fox, Jr. to accept service on behalf of Domiruth. Serving Domiruth in the first case pursuant to the IACAP resulted in some inefficiency; Domiruth did not receive sufficient representation before the Court until slightly more than two years after the Clerk of Court issued the summons. Having gone through that experience, and having previously retained a Memphis attorney, Domiruth is likely to represent its interests adequately now.

Mailing a waiver request to Domiruth and/or communicating with Fox would help to determine whether alternative service of process under Rule 4(f)(3) is warranted. See In re LDK Solar Sec. Litig., No. C 07-05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (authorizing 4(f)(3) service in part because local defense counsel had refused to accept service on behalf of the foreign defendants); Igloo Prods. Corp. v. Thai Welltex Int'l Co., 379 F. Supp. 2d 18, 19-20 (D. Mass. 2005) (authorizing 4(f)(3) service when plaintiff received a return receipt after mailing the summons and complaint to defendant).

Requesting a waiver and communicating with Fox would also help to determine whether the Due Process Clause permits Slay's requested methods of service. On the current record, it does not.

Although service on a foreign defendant's United States counsel has been found to satisfy the Due Process Clause, that has generally been because there is evidence that the United States counsel and the foreign defendant maintain regular contact with each other. See Rio, 284 F.3d at 1017 ("Service upon [United States-based attorney] Carpenter was . . . appropriate because he had been specifically consulted by [defendant] regarding this lawsuit. He knew of [defendant's] legal positions, and it seems clear that he was in contact with [defendant] . . . ."); Harper v. W.W. Grainger, Inc., No. 3:12-CV-97, 2013 WL 2470751, at *4 (W.D. Ky. June 7, 2013) (holding that service on foreign defendant through its United States counsel was constitutional because "[defendant's] Kentucky counsel is clearly in contact with [defendant's] General Counsel").

There is no evidence before the Court that Fox is now in contact with Domiruth. Fox's only known involvement with Domiruth was about a year and a half ago when he made three filings in this Court over a twenty-day period. That, without more, is not enough to satisfy the Court that service on Fox

would be "reasonably calculated . . . to apprise [Domiruth] of the pendency of the action . . . ." Ming Kuo Yang, 793 F.3d at 602.

Like Slay's first requested method of alternative service, her second is sometimes constitutionally permissible, but not on the current record. Using Federal Express to deliver service to a foreign defendant's last known address satisfies due process when there is some evidence that delivery to that address would apprise the defendant of service, such as the fact that the defendant has received mail at that address during the instant litigation. See United States v. Pomerantz, No. 16-0689JLR, 2017 WL 1037552, at *4 (W.D. Wash. Mar. 17, 2017) (finding that service of process to a listed address was likely to provide notice because "[defendant] ha[d] acknowledged that he received at least one of the waiver packages mailed to [the listed address] . . . ."); Jenkins v. Pooke, No. C 07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009) (finding that mailing service to defendant's listed address was likely to provide notice because plaintiffs had previously successfully delivered service documents via Federal Express to the address).

Similar evidence is not before the Court. Slay contends that service on Domiruth's last known address would satisfy due process because "the address was listed on the itinerary Domiruth prepared for Hunt . . . and is also the address

list[ed] on Domiruth's website." (ECF No. 13-1 at 43.) Slay cites no case where similar evidence was sufficient to satisfy due process. The cases she does cite are not persuasive. Although they permitted 4(f)(3) service by Federal Express at foreign corporate addresses or discussed previous 4(f)(3) authorizations, all fail to address due process. See TracFone Wireless, Inc. v. Washington, 290 F.R.D. 686, 688 (M.D. Fla. 2013); Jon D. Derrevere, P.A. v. Mirabella Found., No. 6:10-cv-925, 2011 WL 1983552, at *3 (M.D. Fla. Apr. 26, 2011); Mainstream Media, EC v. Riven, No. C 08-3623 PJH, 2009 WL 2157641, at *3 (N.D. Cal. July 17, 2009); Alu, Inc. v. Kupo Co., No. 6:06-CV-327ORL28DAB, 2007 WL 177836, at *4-5 (M.D. Fla. Jan. 19, 2007). Although there is some evidence that the address at which Slay seeks to serve Domiruth would provide Domiruth with notice, it is also possible that Domiruth is not aware of mail sent to that address. Without evidence that Domiruth is currently notified of mail sent there, authorizing service by Federal Express to that address would not afford Domiruth sufficient notice.

Slay provides no authority supporting the constitutionality of her third proposed method of service: "hand delivery and Federal Express delivered to Domiruth at its official address as listed in the Registry of Legal Entities of the Registry of Lima as well as the National Superintendence of Tax Administration

(SUNAT)."  (ECF No. 13-1 at 43.)  Slay contends that "this method of service of process has been utilized successfully for lawsuits originating in the United States in over 30 state and federal courts."  (Id. at 44.) She provides no supporting citation.  (Id.)  As with Slay's second proposed method of service, nothing before the Court shows that Domiruth would be apprised of process sent to the address(es) listed in the Registry or SUNAT.  On the current record, the third proposed method of serving process would not satisfy the Due Process Clause.

**IV. Conclusion**

For the foregoing reasons, Slay's Motion is DENIED.

So ordered this 12th day of February, 2019.

                                        /s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE