```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| BARBARA ANN HUNT SLAY, individually and as Personal Representative for the Estate of WILLIAM THOMAS HUNT, deceased, and on behalf of the wrongful death beneficiaries of WILLIAM THOMNAS HUNT, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:18-cv-2728 |
| v. | ) ) | |
| IB TRAVELIN, INC., formerly doing business as IBEROAMERICANA TRAVEL SYSTEM, INC., and DOMIRUTH TRAVEL SERVICES, SAC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff Barbara Ann Hunt Slay's July 18, 2019 Renewed <u>Ex</u> <u>Parte</u> Motion to Authorize Alternative Service of Process on Defendant Domiruth Travel Services, SAC ("Domiruth") Pursuant to Federal Rule of Civil Procedure 4(f)(3). (ECF No. 18.)

For the following reasons, Slay's motion is GRANTED.

I.  **Background**

The Court recounted the background of this case in its February 2, 2019 order denying Slay's first ex parte motion to authorize alterative service of process on Domiruth, a Peruvian travel company.  (ECF No. 17.)  Slay's brother died in Peru while on a vacation partially organized by Domiruth.  Slay is suing Domiruth for negligence.  New representations that bear on the instant motion follow.

On February 21, 2019, Slay's counsel sent a Notice of Lawsuit and Request to Waive Service of Summons and Complaint via United Parcel Service ("UPS") to Domiruth at Calle Rio de Janeiro 216 Miraflores in Lima, Peru.  (ECF No. 18-3 at 127.)[1] Domiruth received the notice and request to waive service on February 28, 2019.  (Id. at 140.)  Slay's counsel also sent the notice and request to waive service to James Bennett Fox, Jr., a lawyer Domiruth had retained in a prior, voluntarily dismissed case arising out of the same circumstances and involving the same parties.  (ECF No. 18-5 at 144.)

On March 5, 2019, Fox responded that he would speak with Domiruth soon and would have an answer about waiver of service and/or acceptance of service.  (Id. at 145.)  On April 18, 2019, Fox said that he had spoken with Domiruth, that Domiruth would not agree to waive service, and that Domiruth had not authorized

---

[1] Unless stated otherwise, all pincites are to the PageID number.

him to waive service or otherwise accept service on its behalf. (Id. at 150.)

On April 24, 2019, Slay's counsel sent a letter via UPS to Domiruth at Calle Rio De Janeiro 216 Miraflores. (ECF No. 18-6 at 152.) The letter requested that Domiruth reconsider waiving formal service and/or allow Fox to accept service on its behalf. (Id.) Domiruth received the letter on April 29, 2019. (Id. at 157.) On or about May 9, 2019, Slay's counsel received a letter from Domiruth that acknowledged receipt of the April 24 letter and restated its unwillingness to waive formal service of process or authorize Fox to accept service on its behalf. (ECF No. 18-7 at 159.)

Slay seeks authorization to serve Domiruth by alternative process pursuant to Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3). In particular, Slay seeks authorization to serve Domiruth by the following means: (1) first class mail and email to James Bennett Fox, Jr.; and (2) UPS on Domiruth's chief financial officer at Domiruth's last known corporate address.

**II. Analysis**

   **A. Applicable Law**

Under Rule 4(h), "[u]nless federal law provides otherwise or the defendant's waiver [of service] has been filed," service abroad on a foreign company must be effected "in any manner prescribed by Rule 4(f) for serving an individual, except

personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Because Domiruth has not filed a waiver of service, and because federal law does not "provide [] otherwise," Rule 4(f) controls.

Rule 4(f) addresses service on individuals "not within any judicial district of the United States." Rule 4(f)(3) allows service by "means not prohibited by international agreement, as the court orders."

Although Rule 4(f)(3) gives a court wide discretion to authorize alternative service of process, a party seeking 4(f)(3) authorization generally must show "that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service." United States v. Alphatec Spine, Inc., No. 1:13-cv-586, 2016 WL 1182260, at *2 (S.D. Ohio Mar. 28, 2016); see also Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002); FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005).

Another limit on Rule 4(f)(3) is the Due Process Clause of the Fifth Amendment. Any authorized alternative service of process must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Ming Kuo Yang v. City of Wyoming, Mich., 793 F.3d

599, 602 (6th Cir. 2015) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

**B. Application**

Neither of the alternative methods of service Slay requests is prohibited by an international agreement with Peru. The United States and Peru are signatories to the Inter-American Convention on Letters Rogatory and the Additional Protocol to the Inter-American Convention on Letters Rogatory (collectively the "IACAP"). SA Luxury Expeditions, LLC v. Latin Am. for Less, LLC, No. C 14-04085 WHA, 2015 WL 4941792 at *1 (N.D. Cal. Aug. 19, 2015). "No other international agreement governs the service of process for litigation in the United States on parties located in Peru." Id. The IACAP does not preclude service of process by other means. See id.; Pizzabiocche v. Vinelli, 772 F. Supp. 1245, 1249 (M.D. Fla. 1991); see also Kreimerman v. Cada Veerkamp, S.A. de C.V., 22 F.3d 634, 644 (5th Cir. 1994). Rule 4(f)(3) permits Slay's requested alternative methods of process.

Slay has shown "that reasonable efforts to serve [Domiruth] have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service." Alphatec Spine, 2016 WL 1182260, at *2. Slay's requested alternative methods of service are appropriate under Rule 4(f)(3).

Slay's requested alternative methods of service also comport with due process. Fox has recently been in contact with Domiruth about this case. See Rio, 284 F.3d at 1017 ("Service upon [United States-based attorney] Carpenter was . . . appropriate because he had been specifically consulted by [defendant] regarding this lawsuit. He knew of [defendant's] legal positions, and it seems clear that he was in contact with [defendant] . . . ."); Harper v. W.W. Grainger, Inc., No. 3:12-CV-97, 2013 WL 2470751, at *4 (W.D. Ky. June 7, 2013) (holding that service on foreign defendant through its United States counsel was constitutional because "[defendant's] Kentucky counsel is clearly in contact with [defendant's] General Counsel").

Service via UPS on Domiruth's chief financial officer at Domiruth's last known corporate address would satisfy due process because there is evidence that Domiruth has recently received and responded to mail sent to that address. See United States v. Pomerantz, No. 16-0689JLR, 2017 WL 1037552, at *4 (W.D. Wash. Mar. 17, 2017) (finding that service of process to a listed address was likely to provide notice because "[defendant] ha[d] acknowledged that he received at least one of the waiver packages mailed to [the listed address] . . . ."); Jenkins v. Pooke, No. C 07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009) (finding that mailing service to defendant's

6

listed address was likely to provide notice because plaintiffs had previously successfully delivered service documents via Federal Express to that address).

## III. Conclusion

For the foregoing reasons, Slay's motion is GRANTED.

So ordered this 13th day of August, 2019.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
