IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                                          |   |                  |
|------------------------------------------|---|------------------|
| BARBARA ANN HUNT SLAY, individually and as personal representative for the estate of WILLIAM THOMAS HUNT, deceased, and on behalf of the wrongful death beneficiaries of WILLIAM THOMAS HUNT, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:18-cv-2728 |
| IB TRAVELIN, INC., formerly doing business as IBEROAMERICANA TRAVEL SYSTEM, INC., and DOMIRUTH TRAVEL SERVICES, SAC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Barbara Ann Hunt Slay ("Slay"), individually, and as personal representative for the Estate of William Thomas Hunt, deceased, and on behalf of the wrongful death beneficiaries of Hunt, brings this negligence and wrongful death action against Domiruth Travel Services ("Domiruth") and IB Travelin, Inc. ("IB Travelin"), formerly d/b/a Iberoamericana Travel System, Inc. (Compl., ECF No. 1.) Before the Court is Domiruth's September 23, 2019 Motion to Dismiss for Lack of

Jurisdiction.  (ECF No. 24.)  Slay responded on November 5, 2019.  (ECF No. 29.)  Domiruth replied on December 3, 2019. (ECF No. 32.)

Slay argues, in part, that this Court has specific personal jurisdiction over Domiruth because IB Travelin acted as the agent of Domiruth.  (ECF No. 29 at 7-15.)  In her responsive briefing, Slay asks the Court to allow discovery about whether IB Travelin acted as an agent of Domiruth.  (ECF No. 29 at 12 n.3.)  Domiruth does not address Slay's request in its reply.

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing Serras v. First Tenn. Bank Nat'l. Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989)).  The scope of any additional discovery is within the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981).

"A principal may be subjected to personal jurisdiction through the acts of its agent when the agent acts on behalf of its principal in a jurisdiction such that the principal has purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in the state."  Feild v.

Graffagnino, 514 F. Supp. 2d 1036, 1042 (W.D. Tenn. 2007) (citing Kelly v Int'l Capital Resources, Inc., 231 F.R.D. 502, 511 (M.D. Tenn. 2005)). Tennessee law controls the question of agency. See Theunissen, 935 F.2d at 1459 ("In diversity actions, a federal court applies the law of the forum state in which it sits to determine whether personal jurisdiction is appropriate."). In Tennessee, "[w]hether an agency [relationship] exists is a question of fact under the circumstances of the particular case; and whether an agency has been created is to be determined by the relation of the parties as they in fact exist under their agreement or acts." White v. Revco Discount Drug Ctrs, Inc., 33 S.W.3d 713, 723 (Tenn. 2000) (citations omitted).

Because the agency determination is fact-specific, discovery would assist the Court in deciding Domiruth's motion. The Court GRANTS Slay's request. The parties are to conduct discovery limited to the extent to which, if any, IB Travelin acted as an agent of Domiruth. See Schneider v. Hardesty, No. 1:06CV836, 2009 WL 1794703, at *3 (S.D. Ohio June 23, 2009) (allowing parties to conduct discovery on the question of personal jurisdiction), rev'd and remanded on other grounds, 669 F.3d 693 (6th Cir. 2012); cf. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1271, 1273 (6th Cir. 1998) (district court allowed discovery when the personal jurisdiction dispute turned

on the amount of control one defendant had over the other). The Court will hold a brief telephone conference on January 24, 2020, at 10:30 a.m. CST to determine the timing of discovery. After discovery is complete, both parties may file supplemental briefing.

The Court reserves ruling on Domiruth's Motion to Dismiss pending discovery and briefing.

So ordered this 22nd day of January, 2020.

                              /s/ *Samuel H. Mays, Jr.*
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE