```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |
|---|---|
| BARBARA ANN HUNT SLAY, individually and as personal representative for THE ESTATE OF WILLIAM THOMAS HUNT, deceased, and on behalf of THE WRONGFUL DEATH BENEFICIARIES OF WILLIAM THOMAS HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>IB TRAVELIN, INC., formerly doing business as IBEROAMERICANA TRAVEL SYSTEM, INC., and DOMIRUTH TRAVEL SERVICES, SAC,<br><br>    Defendants. | No. 2:18-cv-02728-SHM-tmp |

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO MAINTAIN A VALID STIPULATION OF DISMISSAL**

Plaintiff Barbara Ann Hunt Slay ("Slay"), individually, and as personal representative for the Estate of William Thomas Hunt ("Hunt"), deceased, and on behalf of the wrongful death beneficiaries of Hunt, brings this negligence and wrongful death action against Defendants Domiruth Travel Services, SAC ("Domiruth") and IB Travelin, Inc. ("IB Travelin"), formerly d/b/a Iberoamericana Travel System, Inc. (D.E. No. 1.) Before the Court are two motions. The first is Domiruth's September 23, 2019 Motion to Dismiss for Lack of Jurisdiction (the "Motion to

Dismiss"). (D.E. No. 24.) Discovery has been conducted, and the Motion to Dismiss is fully briefed. (See D.E. No. 65.) The second is IB Travelin's January 15, 2020 Motion to Maintain a Valid Stipulation of Dismissal (the "Stipulation Motion"). (D.E. No. 35.) Slay responded to the Stipulation Motion on January 31, 2020. (D.E. No. 44.) The Motion to Dismiss is GRANTED. The Stipulation Motion is DENIED AS MOOT.

## I. Background

In August 2013, Hunt booked a trip to Peru electronically through IB Travelin. (D.E. No. 1 ¶ 10.) The trip included services to be provided by Domiruth. (Id. ¶ 13.) Before the trip, Domiruth prepared an itinerary and sent it to IB Travelin, which sent it to Hunt in Memphis, Tennessee. (D.E. No. 29-1 at 223-231; D.E. No. 60 at 468-472.)

While in Peru, between November 23, 2013, and November 24, 2013, Hunt displayed symptoms of altitude sickness. (D.E. No. 1 ¶ 14.) On November 25, 2013, Hunt's condition worsened and was reported to the tour operator. (Id. ¶¶ 15-16.) The tour operator advised Hunt to stay in his hotel room. (Id. ¶ 17.) Later that day, Hunt was found dead from cerebral edema. (Id. ¶ 20.)

On November 24, 2014, Slay filed an action against American Express Travel Corporation, also known as American Express Travel Related Services Company, Inc., American Express Company, Domiruth Travel Services, Iberoamericana Travel System, Inc.,

2

doing business as IB Travelin, and Wonder Peru Expedition, in the Circuit Court of Tennessee for the 30th Judicial District at Memphis. (D.E. No. 1 ¶ 8.) On January 2, 2015, that case was removed to this Court under case number 2:15-cv-02003-SHM-tmp. (Id. ¶ 9.) On October 31, 2017, the remaining parties filed a Stipulation of Dismissal Pursuant to Federal Rule of Civil Procedure 41 (the "Stipulation"). (Id.) The Stipulation provided that:

> [A]ll deadlines that were part of the Scheduling Order entered on December 20, 2016, which have already expired by the filing of this Stipulation of Dismissal will not be revived by any new filing from the Plaintiff. Plaintiff reserves all rights and remedies as to deadlines as the Court may deem appropriate, in the event this matter is re-filed at a later date.

(Case No. 2:15-cv-02003-SHM-tmp, D.E. No. 101 at 568-69.) On October 31, 2017, the Court entered an Order of Dismissal and a Judgment dismissing the case without prejudice. (D.E. No. 1 ¶ 9.) Neither the Order of Dismissal nor the Judgment addresses any deadlines in the December 20, 2016 Scheduling Order. (See Case No. 2:15-cv-02003-SHM-tmp, D.E. Nos. 102-03.) Although the Order of Dismissal refers to the Stipulation, the Stipulation was not incorporated into the Order of Dismissal or the Judgment. (See Case No. 2:15-cv-02003-SHM-tmp, D.E. Nos. 102-03; cf. D.E. No. 35 at 264.) Slay filed the present action on October 19, 2018, within one year of the Order of Dismissal and the Judgment.

(D.E. No. 1 ¶ 9.) She sues Domiruth and IB Travelin for negligence, gross negligence, and recklessness. (Id. ¶ 21-23.)

On September 23, 2019, Domiruth filed the Motion to Dismiss. (D.E. No. 24.) Domiruth argues that the Court lacks personal jurisdiction over it because it is based in Peru and lacks the minimum contacts with Tennessee that would make it amenable to suit in Tennessee. (D.E. No. 24-1 at 188.) On November 5, 2019, Slay responded to the Motion to Dismiss, arguing that IB Travelin was Domiruth's agent and that personal jurisdiction over Domiruth is established based on the actions of IB Travelin. (D.E. No. 29 at 210.)

On January 22, 2020, the Court ordered discovery on Slay's argument that IB Travelin was Domiruth's agent. (D.E. No. 41.) That discovery is complete. The parties have filed supplemental briefs based on the discovery. (D.E. Nos. 58, 61.) Slay maintains her argument that IB Travelin was Domiruth's agent. (D.E. No. 58.) Domiruth argues that IB Travelin disclaimed agency during discovery and that Slay's arguments are frivolous. (D.E. No. 61 at 542-43.) Domiruth seeks costs as a sanction. (Id. at 544.)

On January 15, 2020, IB Travelin moved to Maintain a Valid Stipulation of Dismissal. (D.E. No 35.) IB Travelin argues that the parties clearly agreed in the Stipulation that deadlines already expired in the prior suit, such as the deadlines for disclosing and deposing experts, would not be re-instated if the

suit were re-filed. (Id. at 263-64.) IB Travelin asserts that the Court's prior Judgment incorporated the Stipulation and that that Judgment should not be amended. (Id. at 264.)

On January 31, 2020, Slay responded. (D.E. No. 44.) Slay argues that the prior Judgment should be amended under Rule 60(b) and that the Court need not enforce the Stipulation. (Id. at 287-88.)

**II.   Diversity Jurisdiction and Choice of Law**

The court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1)-(2). The legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Slay is a resident of Georgia. (D.E. No. 1 ¶ 1.) At the time of Hunt's death, he was a resident of Tennessee. (Id. ¶ 2.) Domiruth is a foreign entity with its principal place of business in Peru. (Id. ¶ 4.) IB Travelin is a California corporation with its principal place of business in California. (Id. ¶ 3.) Slay seeks damages exceeding $75,000.00. (Id. ¶ 6.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied.

Although the parties do not discuss what law applies and cite both federal and state law, (see D.E. No. 58 at 320-22), Tennessee law governs the personal jurisdiction and agency relationship questions presented in this case. Personal jurisdiction questions in diversity cases are resolved "by

5

reference to the law of the state in which the Federal District Court sits." Smartt v. Coca-Cola Bottling Corp., 318 F.2d 447, 448 (6th Cir. 1963). Whether an agency relationship would create personal jurisdiction over a principal is also resolved by reference to applicable state law. See Adm'rs of Tulane Educ. Fund v. Ipsen, S.A., 450 F. App'x 326, 330 n.5 (5th Cir. 2011) (applying Louisiana law to resolve whether a subsidiary with Louisiana contacts was an agent of a parent company for purposes of personal jurisdiction over the parent company).

The Sixth Circuit has favorably cited the Restatement (Second) of Conflicts of Law § 292, which provides that the "most significant relationship" is the applicable test for deciding which state's law controls an agency question. Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 621 n.7 (6th Cir. 2012) (noting that, although the parties had not directed the court to the applicable rule for agency relationships, the "most significant relationship" test applied); see also Guardian Angel Credit Union v. MetaBank, No. 08-cv-261-PB, 2010 WL 1794713, at *7 (D.N.H. May 5, 2010) ("In the case of agency questions, however, the court must only conclude that the state whose law is applied bears the most significant relationship to the parties and the transaction.").

In this case, Hunt was a resident of Tennessee. He purchased the travel package in Tennessee. The travel documents were sent

to him in Tennessee. Tennessee has the most significant relationship to the parties and the transaction. Tennessee agency law applies.

### III. Standard of Review

The burden to establish personal jurisdiction over each defendant is the plaintiff's. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Int'l Techs. Consultants, Inc. v. Euroglas S.A., 107 F.3d 386, 391 (6th Cir. 1997). That burden varies depending on which of the three possible procedures for resolving a motion on personal jurisdiction applies. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1998) ("[T]he method selected will affect the burden of proof the plaintiff must bear to avoid dismissal."); Serras v. First Tennessee Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) ("If [a court] decides that the motion can be ruled on before trial, the court may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. . . . The weight of the plaintiff's burden, however, depends on whether the trial court chooses to rule on written submissions or to hear evidence on the personal-jurisdiction issue (either pretrial or during trial).").

There are two possible burdens. See Savidge v. Pharm-Save, Inc., No. 3:17-CV-186-CHB, 2019 WL 9042913, at *2 (W.D. Ky. Nov.

25, 2019). Where a court decides personal jurisdiction on the basis of affidavits alone, the plaintiff need only make a prima facie showing of jurisdiction by "establishing with reasonable particularity sufficient contacts between [defendants] and the forum state to support jurisdiction." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002) (internal quotations omitted)). Where a court holds an evidentiary hearing, the plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence. Schneider v. Hardesty, 669 F.3d 693, 697 (6th Cir. 2012).

The Court elected the middle-ground procedure in this case and permitted discovery on personal jurisdiction. (See D.E. No. 41.) The burden when the Court allows discovery, but does not conduct an evidentiary hearing, is unclear. Savidge, 2019 WL 9042913, at *2 ("It is not entirely clear whether the prima facie burden attaches when the [c]ourt permits discovery."). Compare SFS Check, LLC v. First Bank of Delaware, 774 F.3d 351, 356 (6th Cir. 2014) ("When, as here, the district court allows discovery on the motion, the court should consider the facts offered by both parties and rule according to the preponderance of the evidence."); with Euroglas, 107 F.3d at 391 ("Where there has been no evidentiary hearing to resolve apparent factual questions, the plaintiff need only make a prima facie showing of personal jurisdiction. . . . This proposition loses some of its

8

significance, however, where, as in the case at bar, the plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction.").

For purposes of the Motion to Dismiss, the Court will apply the prima facie standard. Savidge, 2019 WL 9042913, at *2; see Malone v. Stanley Black & Decker, Inc., 965 F.3d 499, 502 (6th Cir. 2020) ("Whether discovery is permitted or not, the initial burden is on the plaintiff to make at least a prima facie showing of jurisdiction."); Conti v. Pneumatic Products Corp., 977 F.2d 978, 980 (6th Cir. 1992) ("Conti urges that he bears only the burden of demonstrating facts which support a prima facie case for jurisdiction, because there was no evidentiary hearing. . . . Defendants argue that Conti must demonstrate Ohio's jurisdiction by a preponderance of the evidence rather than by simply making a prima facie showing, because the district court permitted discovery and did not rely solely on affidavits. . . . Even under the lesser prima facie showing, however, considering the evidence in the light most favorable to the plaintiff, Conti has not demonstrated facts supporting jurisdiction.").

"[W]hen a state's long-arm statute reaches as far as the limits of the Due Process Clause . . . the court need only determine whether the assertion of personal jurisdiction . . . violates constitutional due process." Aristech Chemical Int'l

9

Ltd. v. Acrylic Fabricators Ltd., 138 F.3d 624, 627 (6th Cir. 1998) (internal quotations omitted). Because Tennessee's long-arm statute extends to the limits of the Due Process Clause, Shelby Mut. Ins. Co. v. Moore, 645 S.W.2d 242, 245 (Tenn. 1981), the Court need only decide whether the exercise of personal jurisdiction would be permitted under the United States Constitution. Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005).

**IV. Analysis**

    **A.  Motion to Dismiss**

Slay argues that the Court has specific personal jurisdiction over Domiruth. (D.E. No. 29 at 212-13; D.E. No. 58 at 316.) Specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (quotation marks and citations omitted). The Sixth Circuit uses a three-part test to decide whether a court can exercise specific personal jurisdiction over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).

Slay argues that the Court has jurisdiction over Domiruth because IB Travelin was Domiruth's agent. (D.E. No. 29 at 210-11; D.E. No. 58 at 316-17.) Domiruth cites IB Travelin's disclaimer in response to Slay's interrogatory that "IB Travelin is not now and never has been designated as an agent of Domiruth" as definitive evidence that there was no agency relationship between the two entities. (D.E. No. 61 at 542-43.) Domiruth argues that IB Travelin so clearly was not its agent that Slay should be sanctioned and fees should be awarded to Domiruth for having to respond to a frivolous argument. (D.E. No. 32 at 246; D.E. No. 61 at 544.)

"A principal may be subjected to personal jurisdiction through the acts of its agent when the agent acts on behalf of its principal in a jurisdiction such that the principal has purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in the state." Feild v. Graffagnino, 514 F. Supp. 2d 1036, 1042 (W.D. Tenn. 2007) (citing Kelly v. Int'l Capital Resources, Inc., 231 F.R.D. 502, 511 (M.D. Tenn. 2005)).

"Agency is a fiduciary relationship that arises when the principal manifests assent to the agent that the agent shall act on the principal's behalf and subject to the principal's control,

11

and the agent manifests or otherwise consents to act on the principal's behalf." Morrison v. Allen, 338 S.W.3d 417, 450 (Tenn. 2011) (Koch, J., concurring in part and dissenting in part). "If the facts establish the existence of an agency relationship, it will be found to exist whether the parties intended to create one or not." Harben v. Hutton, 739 S.W.2d 602, 606 (Tenn. Ct. App. 1987). There is no evidence in the record that IB Travelin had actual authority as Domiruth's agent.

Slay argues that IB Travelin was Domiruth's apparent as well as actual agent. (D.E. No. 58 at 321); Barbee v. Kindred Healthcare Operating, Inc., No. W2007-00517-COA-R3-CV, 2008 WL 4615858, at *6 (Tenn. Ct. App. Oct. 20, 2008) ("Two bases under which the common law attributes the legal consequences of the agent's actions to the principal are actual authority and apparent authority."). "Apparent authority is essentially agency by estoppel, in that its creation and existence depends on some conduct by the principal that will preclude him from denying liability for the acts of the agent." Savage v. City of Memphis, 464 S.W.3d 326, 333 (Tenn. Ct. App. 2015). "Apparent authority is established through the acts of the principal rather than those of the agent or through the perception of a third party." Boren ex rel. Boren v. Weeks, 251 S.W.3d 426, 433 (Tenn. 2008). Slay must prove three elements to establish apparent agency: "(1) the principal actually or negligently acquiesced in another

party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment." Id. at 432-33.

Domiruth did not by its actions "clothe[] [IB Travelin] with the appearance of authority." Dexter Ridge Shopping Center, LLC v. Little, 358 S.W.3d 597, 609 (Tenn. Ct. App. 2010) (internal quotations omitted). Domiruth did not solicit IB Travelin to sell travel services. IB Travelin asked Domiruth for quotes on travel services that were then sold to United States customers. (D.E. No. 59 at 339-40; D.E. No. 60 at 456-58.) After Hunt purchased his tour package from IB Travelin, Domiruth prepared an itinerary for his trip, which displayed the Domiruth logo, Domiruth generated a confirmation number, and Domiruth provided emergency contact information. (D.E. No. 60 at 467-71.) Domiruth sent that material to IB Travelin, and IB Travelin finalized it by adding its own logo before sending the documents to Hunt. (D.E. No. 59 at 367-68; D.E. No. 60 at 468-71.) That course of conduct is not sufficient to establish that Domiruth acquiesced in any exercise of authority by IB Travelin.

Domiruth's actions demonstrate that there was a business relationship between Domiruth and IB Travelin, but Domiruth's actions would not have indicated to Hunt that IB Travelin had apparent authority to bind Domiruth as Domiruth's agent. Hunt

13

could not have relied on that authority. See Suarez Corp. v. CBS, Inc., 23 F.3d 408 (Table), at *4 (6th Cir. 1994).

Slay cannot establish the elements of apparent agency. There was no agency relationship, apparent or actual, between Domiruth and IB Travelin.

Slay does not argue that Domiruth's own conduct, independently of IB Travelin, subjects Domiruth to specific personal jurisdiction. (See D.E. No. 58.) Because no agency relationship was established and IB Travelin was not the apparent agent of Domiruth, Domiruth is not subject to specific personal jurisdiction. Although there was no agency relationship between Domiruth and IB Travelin, Slay's attempt to establish the facts of the relationship and her legal arguments were not frivolous. The Court, in its discretion, declines to sanction Slay. An award of fees would not be appropriate. Domiruth's Motion to Dismiss is GRANTED. Domiruth is DISMISSED.

### B. Stipulation Motion

IB Travelin moves the Court to enforce the Stipulation provision that any expired deadlines from the prior case Scheduling Order would not be revived by any new filing. (D.E. No. 35.) The deadlines to disclose and depose experts in the prior action had elapsed before the Stipulation, and IB Travelin opposes establishing new deadlines for disclosing and deposing experts.

The issue as presented by the parties is whether the Court must amend its Judgment in the prior action pursuant to Federal Rule of Civil Procedure 60(b) or be compelled to enforce the Stipulation. (D.E. No. 35 at 264; D.E. No. 44 at 287; Case No. 2:15-cv-02003-SHM-tmp, D.E. No. 103.) There is no reason to amend the Judgment because the Stipulation was not incorporated in the Judgment merely because the dismissal order referenced it. (See Case No. 2:15-cv-02003-SHM-tmp, D.E. Nos. 102-03); In re Phar-Mor, Inc. Securities Litigation, 172 F.3d 270, 274 (3d Cir. 1999) (quoting Miener by and through Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995)) (holding that a "dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order"). The Court is not bound by the Stipulation because the Stipulation was not incorporated in the dismissal order or the Judgment.

The Stipulation is not entirely clear. Although it provides that Plaintiff's re-filing the case will not revive expired deadlines, it also provides that Plaintiff reserves all rights and remedies the Court may deem appropriate as to those deadlines. Despite some ambiguity, the Stipulation preserves the Court's authority to establish deadlines in any re-filed proceeding. Thus, the Court's discretion in controlling its proceedings and managing its docket is preserved, as it should

be. In exercising its discretion, the Court is guided by the preference of the law for resolution of disputes on the merits. See Foman v. Davis, 371 U.S. 178, 181 (1962) (the spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors); Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. 2011) (discussing the "general preference" for decisions on the merits when describing the standard of review for decisions not to set aside default judgments). The use of experts is likely to facilitate resolution on the merits. Therefore, the Court will set deadlines for expert discovery.

The Court has previously set deadlines for the disclosure and deposition of experts in this case. Those deadlines elapsed while the case was paused to allow discovery on the issue of jurisdiction. They will be re-set at a scheduling conference. The Stipulation Motion is DENIED.

**V.   Conclusion**

The Motion to Dismiss is GRANTED. Domiruth is DISMISSED. The Stipulation Motion is DENIED.

SO ORDERED this 26th day of May, 2021.

                              */s/ Samuel H. Mays, Jr.*
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE